UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No.:   0090 1:21CR00652-001 |
| | ) |
| TRACI J. SUNSTRUM. | ) |
| | ) |

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

    Comes now Defendant, by her attorney, Daniel J. DuBois, and for her objections to the Presentence Investigation Report states:

### *Introduction*

    Probation Officer Talia Santella is to be commended for thoroughness of the Presentence Investigation Report. Her thoroughness is impressive considering the limited time she had to prepare the PSR.

    The PSR was received by the undersigned on or about January 6, 2022, thereafter it was forwarded to Ms. Sunstrum for her review. On February 8, 2022, Ms. Sunstrum and I discussed the PSR; wherein she advised me of the objections she desired to make to the PSR.

    Ms. Sunstrum has reviewed this document to ensure that this was how she wanted to proceed. As such, the objections are made with the Defendant's knowledge and at her behest.

### *Objections*

1.    Defendant objects to paragraph 11 and states that she has complied with all the directives of Pretrial Services. Specifically, the directive that she refrain from using

marijuana. She admits that for the first 90 days after her arrest she was testing positive for marijuana, but states that she has not used marijuana from the date of her arrest.

2.     Defendant objects to paragraph 55 and states that her mother died in 2009, and as a result of her mother's death, started mental health counseling in 2009, not 2014. She also states that she was discharged from mental health counseling through Brylin on March 27, 2019, however she was discharged because she, along with many other patients, decided to follow her treating counselor Stefania Fynn-Aikins, from Brylin to her new solo practice. Ms. Sunstrum has been treating with Stefania since she started Mental Health Counseling.

3.     Defendant objects to and would like to correct paragraph 68, and states that since her interview with Officer Santella, she has been able to quit her job as a DoorDash driver and has now been retained by two additional clients who require substantial home health care services; bringing her total clientele to 3 clients, and her total work hours to approximately 40 hours a week, working in a field that she truly enjoys.

4.     Defendant objects to paragraph 71 and states that she does not have a auto account through JPMBC Auto, and does not owe $7,249.00.

WHEREFORE, Defendant hereby files her objections to the Presentence Investigation Report and requests that the objections and proposed changes be made part of Defendant's PSR. In the event the Government objects to the proposed changes, Ms. Sunstrum would respectfully request a brief Hearing where the Government would be required to carry its burden to prove the conclusions contained in the PSR.

BY: _____
Daniel J. DuBois
Attorney for Ms. Sunstrum
390 Elmwood Avenue
Buffalo, NY 14222
716-563-6132
Email: ddlaw33@gmail.com

/s/ Charles R. Haskell
Charles R. Haskell
641 Indiana Avenue, NW
Washington, DC 20004
202-888-2728
charles@charleshaskell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2022, a copy of the attached *Defendant's Objections to the Presentence Investigation Report* was filed electronically with the Court of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Jacob Strain, Esquire
Assistant United States Attorney
111 South Main Street #1800
Salt Lake City, UT 84111

DuBois Law

Daniel J. DuBois
Attorney for Ms. Sunstrum
390 Elmwood Ave.
Buffalo, NY 14222